IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TUTTLE DOZER WORKS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| GYRO TRAC (USA), INC., | ) |
| GYRO-TRAC, INC., GYRO-TRAC | ) |
| WEST COAST, INC., USITECH NOV, | ) |
| INC., WOODPECKER INDUSTRIES, | ) |
| QUEBEC, INC., USITECH NOV (2004) | ) |
| S.E.N.C., DANIEL GAUDEAULT, and | ) |
| WALTER OLIVER, JR., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.  2:06-cv-2182-DCN

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

In support of their motion to dismiss, DEFENDANTS GYRO-TRAC, INC., GYRO-TRAC

WEST COAST, INC,. USITECH NOV, INC., QUEBEC, INC.[1] and    WOODPECKER

INDUSTRIES, would argue as follows:

## DISCUSSION

### I.    Parties and causes of action

Upon information and belief, Plaintiff is a Florida corporation whose primary business is land

clearing.

Defendants GYRO-TRAC, INC. (GT), GYRO-TRAC WEST COAST, INC, ("GTWC").

USITECH NOV, INC. ("UN"), WOODPECKER INDUSTRIES ("WI") are entities organized and

existing, either now or in the past, in Quebec, Canada.    These entities have never been organized

---

[1]"Quebec, Inc." is not fully and completely identified in Plaintiff's complaint.  To the
extent that Plaintiff seeks to bring an action against "9163-2521 Quebec, Inc.," it is that entity
which is pursuing this motion to dismiss.

or existing in the State of South Carolina. These entities have never operated or had any business in South Carolina.

Plaintiff has alleged that Defendants QUEBEC, INC. ("QI")., and USITECH NOV (2004), S.E.N.C. ("UN 2004"), are essentially investment holding companies of the Defendants GT, GTWC, UN, and WI as well as Defendants GYRO TRAC (USA), INC. ("GYRO TRAC"). "9142-0018 Quebec, Inc." is an entity of which only Etienne Labbe and Lina Labbe have any interest to the best of my knowledge. It is located wholly and operates only in Canada. I have no ownership interest in nor any control over "9142-0018 Quebec, Inc." "9163-2521 Quebec, Inc." is the same entity as GT. It is a shareholder only and has no role in the daily operations of GTWC. It is located wholly and operates only in Canada. It is unclear from the complaint to which entity Plaintiff seeks recovery. These Defendants deny these allegations. Daniel Gaudreault is not authorized to accept service on behalf of UN 2004. He has no ownership interest in or director capacity for that entity.

Plaintiff has sued all Defendants alleging state causes of action for fraud in the inducement, violation of South Carolina Unfair Trade Practices Act, breach of contract, breach of contract accompanied by a fraudulent act, negligent misrepresentation, breach of implied warranty of merchantability, breach of implied warranty for fitness for a particular purpose, and violation of Florida Deceptive and Unfair Trade Practices Act.

Defendant GT, GTWC, UN, WI, QI, and UN 2004, are not residents of the forum state and have had no purposeful contacts with the State of South Carolina. Defendants are corporations which do not either reside or do any business whatsoever in South Carolina, or Florida for that matter. These Defendants do business wholly in Canada.

**II.** **These Defendants do not have sufficient contacts with the forum state to justify personal jurisdiction, and therefore this action as pertains to them should be dismissed.**

It is well established that federal courts do not have jurisdiction over a non-resident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice."      *S e e Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-6, 105 S.Ct. 2174, 2183 - 4 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-2, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945), *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271 (4th Cir. 2005). To permit exercise of jurisdiction without minimum contacts violates due process of both the South Carolina and United States constitutions.

## A.    No Minimum Contacts

Under minimum-contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *See Asahi Metal Indus. Co. v. Superior Ct*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030 (1987), *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997) *cert. denied*, *Centricut, LLC v. ESAB Group, Inc.*, 523 U.S. 1048, 118 S.Ct. (1998).

In measuring minimum contacts , the court should consider whether the defendant's contacts with the forum state are so substantial that due process is served by permitting the court to exercise jurisdiction over the defendant; "the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *ESAB Group*, 126 F.3d at 623. A court will look at whether the contacts are "continuous and systematic." *Id.* Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant. *See id.* At 623-4.

### 1.    Specific Jurisdiction

The court cannot exercise specific jurisdiction over a non-resident defendant unless the

nonresident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" of "relate to" those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984).

A review of the Business Register for Quebec, Canada reveals the following associations:

    (1)    GT is a holding company for GTWC.

    (2)    GTWC is a shareholder of Gyro Trac.

    (3)    Daniel Gaudreault is a shareholder and/or director for GT, GTWC, Gyro Trac and UN. He is *not* the *sole* shareholder or director for any of these entities.

    (4)    UN is *not* a shareholder or director of GT, GTWC, or Gyro Trac.

    (5)    "9163-2521 Quebec, Inc." is the same entity as GT.

    (6)    UN 2004 is *not* a shareholder or director of GT, GTWC, or Gyro Trac.

    (7)    Woodpecker Industries no longer exists and is not a shareholder or director of GT, GTWC, Gyro Trac, QI, UN, or UN 2004.

*See* Affidavit of Daniel Gaudreault.[2]

In the present case, the court does not have specific jurisdiction over GT, GTWC, UN, or "9163-2521 Quebec, Inc.," and WI  because these Defendants did not purposefully direct their activities to South Carolina.  Lacking any contact whatsoever with South Carolina, there is no manner in which Plaintiff's injuries could have arisen from any contact of these Defendants in South Carolina.   These Defendants only operate and have contacts with Canada.  GT is simply a holding company and takes no action in South Carolina. *See* Affidavit of Gaudreault, ¶ 4.  All employees and agents operate only within Canada.  GTWC distributes machines and equipment only in Canada.

---

[2] Attached hereto and incorporated by reference as Exhibit 1.

*See* Affidavit of Gaudreault, ¶ 8. Usitech Nov, Inc. is located wholly within Canada, and makes parts for and assembles forestry and land mulching equipment and machinery. It does not purposefully direct any actions towards South Carolina. *See* Affidavit of Gaudreault, ¶ 9.

### 2.     General Jurisdiction

In addition to lack of specific jurisdiction, this court does not have general jurisdiction over these Defendants because these Defendants have not had continuous or systematic contacts with South Carolina. As described above, there is no contact, and therefore there are not contacts which could be considered either  continuous or systematic. Presuming for the sake of argument, that Plaintiff will contend that these entities do have continuous and systematic contacts by virtue of their relationship with Gyro Trac, the one entity which is located in South Carolina, these Defendants would argue that the Plaintiff's argument would be without merit.

It is well established that a parent or holding corporation is not liable on the contracts of its subsidiary. *See Builder Mart of America, Inc. v. First Union Corp.*, 349 S.C. 500, 563 S.E.2d 352 (2002) overruled on other grounds, *Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003). *See also International Shoe, supra. See generally* 38 A.L.R.3d 1102, §§ 3-11.

In evaluating whether to extend jurisdiction over a parent corporation based solely on the actions of its subsidiary, the court looks to (1) common ownership (2) financial independence (3) degree of selection of executive personnel and failure to observe corporate formalities and (4) the degree of control over marketing and operational policies. *Builder Mart* 563 S.E.2d at 358. All four factors must be present in order for jurisdiction to attach. *See id.* While there is some common ownership between these entities, the entities all maintain separate financial assets and have separate primary decision makers. They operate separately as to marketing, day to day operations, and primary decision makers; there are no other overlaps between the entities. *See* Affidavit of

Gaudreault. Based on these facts, general jurisdiction is not appropriate.

## B.    Fairness and Substantial Justice

This court's assumption of jurisdiction over these Defendants will offend traditional notions

of fair play and substantial justice and will be inconsistent with the constitutional requirements of

due process. *See International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158. If the court were to exercise

jurisdiction over these Defendants it would create an overwhelming burden on these Defendants by

causing them to defend an action in South Carolina, where they have no contacts whatsoever, when

all the witnesses and any applicable evidence would be in Canada. Further, such exercise of

jurisdiction would infringe upon the sovereignty of Canada and its courts. One basis for the concept

of minimum contacts is to ensure that courts do not step outside their boundaries and limits imposed

on them by being coequal sovereigns. *See World-Wide Volkswagen*, 444 U.S. at 291-2, 100 S.Ct.

at 564.[3] Exercising jurisdiction in this instance would overstep these bounds.

In addition to clogging this court with issues in which this forum has no interest, the court's

assumption of jurisdiction over these Defendants will allow plaintiff to prosecute its suit in the this

state even though it can obtain the same or similar relief in Canada. Plaintiff is not a resident of

South Carolina, and could just as easily bring any dispute against these Defendants in another forum.

The assumption of personal jurisdiction over defendant would serve no interest of this district court,

and could be more efficiently resolved in another forum because of the interest of that forum in the

result and the location of witnesses and evidence regarding these Defendants.    The court's

assumption of jurisdiction over these Defendants would not further any substantive policy interest

of the several states because this is a private dispute between private commercial entities.

_____

[3]While this case addresses sovereignty between the courts of different states, the concept argued is equally applicable in the present case.

Plaintiff's inclusion of GT, GTWC, UN, and WI as Defendants in this matter appears to be a rather ill-veiled attempt to encumber these entities prior to obtaining a judgment. If Plaintiff is successful against the Defendants which are properly named in this action, Plaintiff will have the opportunity to attempt to reach GT, GTWC, UN, and WI through execution of that judgment, and thus, Plaintiff is not harmed in the least by dismissing this action now.

## C.     Conclusion

GT, GTWC, UN, and Woodpecker have had no minimum contacts with South Carolina. Furthermore, the court's assumption of jurisdiction over these Defendants will offend traditional notions of fair play and substantial justice and will be inconsistent with due process of law. For these reasons, these Defendants ask the court to dismiss all of plaintiff's claims as to them.

Respectfully Submitted

KNIGHT LAW FIRM, L.L.C.


_S/ Jennifer L. Queen_

JENNIFER L. QUEEN, # 7885
207 East Third North Street
P.O. Box 280
Summerville, SC 29484
(843) 821-9700
(843) 821-0031
jqueen@knightlawfirm.com

ATTORNEYS FOR GYRO-TRAC, INC.,
GYRO-TRAC WEST COAST, INC.,
USITECH NOV, INC., QUEBEC, INC. AND
WOODPECKER INDUSTRIES

Summerville, South Carolina
This 5th day of September, 2006