IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TUTTLE DOZER WORKS, INC., ) | Civil Action No.: 2:06-cv-2182-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TUTTLE DOZER WORKS, INC.'S** |
| ) | **MEMORANDUM OF LAW** |
| GYRO TRAC (USA), INC.; ) | **S.C. CODE ANN. § 15-5-150** |
| GYRO-TRAC, INC.; GYRO-TRAC ) | **"DOOR CLOSING STATUTE"** |
| WEST COAST, INC.; USITECH NOV, ) | |
| INC.; WOODPECKER INDUSTRIES; ) | |
| QUEBEC, INC.; USITECH NOV (2004) ) | |
| S.E.N.C.; DANIEL GAUDREAULT; and ) | |
| WALTER OLIVER, JR., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Tuttle Dozer Works, Inc., ("Tuttle"), by counsel, states as follows for its memorandum on the applicability of S.C. Code Ann. § 15-5-150 (1976), South Carolina's "door closing" statute.

### I. Introductory Statement

South Carolina's door closing statute is not applicable to actions brought before a federal court because the South Carolina Supreme Court has explicitly said so.

### II. Nature of the Case; Short Statement of Relevant Facts

This memorandum follows the Court's *sua sponte* inquiry as to whether the Court has subject matter jurisdiction over the South Carolina non-resident defendants in view of S.C. Code Ann. § 15-5-150, South Carolina's "door closing" statute. While S.C. Code Ann. § 33-15-102 (1990), is also referred to as a "door closing" statute, Tuttle's principle argument relates to the application of S.C. Code Ann. § 15-5-150.

By way of summary, Tuttle's lawsuit arises out of its March 2005 "purchase" of a GT-25 brush cutter machine from South-Carolina based defendant (and non-movant) Gyro-Trac (USA), Inc. Complaint at 41[1]. Tuttle has also alleged that the defendants, including the non-resident defendants, have marketed, demonstrated, sold and/or serviced the GT-25 machines in South Carolina. Complaint at 37. Tuttle further alleges that the defendants are interrelated business conduits of one another, that the defendants act as a single enterprise to manufacture, sell and service commercial land clearing machines, equipment and parts, including the incident GT-25. Complaint at 25. Finally, Tuttle alleges that the defendants are merely a façade for the operations of non-movant defendant Daniel Gaudreault, whom Tuttle has alleged is a principal in each of the non-resident South Carolina defendants. Id. Because of the actions of all the defendants, including the non-resident defendants, Tuttle has incurred damages due to the failure of the GT-25 to conform to the promises and affirmations made in the technical literature, printed advertisements, in person demonstrations and representations.

### III.  Argument

A. Because the Complained of Actions Arose in South Carolina, S.C. Code Ann. § 15-5-150, South Carolina's Door Closing Statute, Does Not Bar Florida Resident Tuttle From Bringing Suit against the non-Resident Defendants in South Carolina Federal Court

S.C. Code Ann. §15-5-150 (1976), the door closing statute, reflects South Carolina's choice not to host suits brought by non-resident/foreign plaintiffs against non/resident foreign defendants unless the cause of action arose in South Carolina, or the subject of the action is situated in South Carolina.[2]

---

[1] Paragraphs in Tuttle's Complaint are referenced herein as "Complaint at [ ]."
[2] To the extent that S.C. Code Ann. § 33-15-102(a) may be implicated, Tuttle argues that any transaction it may have conducted in South Carolina was an isolated action within the meaning of S.C. Ann. § 33-15-101(10). Accordingly, Tuttle is not barred from proceeding under this section.

2

Among Tuttle's causes of actions against the non-resident defendants is one of breach of contract. In that context, Tuttle has alleged that the defendants, including the non-resident defendants, have marketed, demonstrated, sold and/or serviced the GT-25 machines in South Carolina. Complaint at 37.

In South Carolina, a cause of action for breach of contract arises where the contract was made or where the contract is to be performed. Recreonics Corp. v. Aqua Pools, Inc., 638 F. Supp. 754 (D.S.C. 1986). The underlying contract in Tuttle provides that the contract was executed in South Carolina. See, Tuttle Complaint at Exhibit B, page 4, paragraph 10. Arguments regarding the presumptions accorded to Tuttle at this stage of the litigation are outlined in Tuttle's Memorandum in Opposition to the Defendants' Rule 12(b)(2) Motion to Dismiss and are integrated herein by reference as though fully stated herein.

To the extent that Tuttle is now before the Court on a Rule 56 motion, and to the extent that this Court finds that the door closing statute is applicable in the federal court despite the South Carolina Supreme Court's ruling in Farmer and Bell v. Monsanto Corp., 353 S.C. 553, 579 S.E. 2d 325 (2003), Tuttle would argue that a Rule 56 ruling is premature. In that context, Tuttle further states that it is entitled to engage the non-resident defendants in discovery on issues relating to whether Tuttle's causes of action arose in South Carolina.

> B. Even If the Cause of Action Did Not Arise in South Carolina, South Carolina's Door Closing Statute Does Not Bar Florida Resident Tuttle From Bringing Suit against the non-Resident Defendants in South Carolina Federal Court

In ruling on the applicability of South Carolina's door closing statute, the Fourth Circuit has acknowledged the necessity that it examine South Carolina's legislative history as well as state court rules of decision as a necessary part of its analysis. Szantay v. Beech Aircraft Corp.

349 F.2d 60, 64 (4th Cir. 1965). This treatment is consistent with Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Noting the absence of legislative history and state rules of decision, the Szantay court examined federal considerations in determining that the federal policy of encouraging efficient joinder in multi-party actions was sufficient to override what was then considered explicit conflicting state policy. Id. at 66. While Tuttle does not concede that a similar overriding federal consideration is absent in the case at bar, it appears that there is no need for this Court to go further than the South Carolina's Supreme Court's pronouncement in the post-Szantay era case of Farmer and Bell v. Monsanto Corp., 353 S.C. 553, 579 S.E. 2d 325 (2003).

In interpreting its door closing statute, the South Carolina Supreme Court has clarified the statute's breadth, including its application in federal court. First, the South Carolina Supreme Court in overruling numerous other post-*Szantay* era cases has determined that the door closing statute does not involve subject matter jurisdiction but rather the capacity of the party to sue. Id. at 557. In further interpreting the statute albeit in the context of class actions, the Court has also stated that the door closing statute "by its terms" applies only to actions brought in the circuit court and not to federal suits. Id. at 558. Justice Moore went on to say that the Fourth Circuit's analysis on the non-application of the door closing statute in Central Wesleyan College v. Kaiser Gypsum Co., 4 F.3d 177 (4th Cir. 2003) was not controlling, i.e., that the analysis of countervailing federal policy is irrelevant given the terms of the door closing statute. Farmer and Bell 35 S.C. at 557.

## IV. Conclusion

For the reasons argued herein and in conformance with the South Carolina's Supreme Court's interpretation of its door closing statute, the Defendants' Rule 12(b) Motion to Dismiss

4

and/or the Court's *sua sponte* Rule 12(b)(1) Motion to Dismiss on the basis of South Carolina's door closing statute should be dismissed.

          Respectfully submitted,

          ANASTOPOULO & CLORE, LLC

          BY:    s/ Robert J. Lowe, Jr.
          _____
          Robert J. Lowe, Jr. (Fed. ID No. 9723)
          rlowe@akimlaw.com
          706 Orleans Road
          Charleston, SC 29407
          (843) 722-8070
          (843) 225-7112(fax)

          ATTORNEYS FOR TUTTLE DOZER WORKS, INC.

October 23, 2006
Charleston, South Carolina

### CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Memorandum in Opposition to Defendant Gyro-Trac, Inc., Gyro-Trac West Coast, Inc., Woodpecker Industries, Inc., and UsiTech Nov, Inc. was sent by first class mail, postage prepaid on October 24, 2006 to Jennifer L. Queen, Attorney at Law, Knight Law Firm, L.L.C., 207 East Third North Street, P.O. Box 280, Summerville, South Carolina, 29484.

          s/ Robert J. Lowe, Jr.

          _____