IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TUTTLE DOZER WORKS, INC., <br><br> Plaintiff <br><br> vs. <br><br> GYRO TRAC (USA), INC., GYRO-TRAC, INC., GYRO-TRAC WEST COAST, INC., USITECH NOV, INC., WOODPECKER INDUSTRIES, QUEBEC, INC., USITECH NOV (2004) S.E.N.C., DANIEL GAUDREAULT, and WALTER OLIVER, JR., <br><br> Defendants. | CIVIL ACTION NO.: 2:06-cv-2182-DCN <br><br> SUPPLEMENT MEMORANDUM ON PLAINTIFF'S MOTION TO DISMISS |

The Movants, by and through undersigned counsel, submit this Brief in response to the Court's request for briefing on the application of South Carolina's door-closing statute to the facts of this case. The cause of action against the Movants does not arise in South Carolina and the door-closing statute continues to apply in federal courts. Therefore, the Movants should be dismissed from this action.

The door-closing statute is South Carolina Code Ann. § 15-5-150, which provides:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
> (1) By any resident of this State for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

South Carolina courts have previously recognized three important objectives of the door-

closing statute: 1) it favors resident plaintiffs over nonresident plaintiffs; 2) it provides a forum for wrongs connected with the State while avoiding the resolution of wrongs in which the State has little interest; and 3) it encourages activity and investment within the State by foreign corporations without subjecting them to litigation unrelated to their activity within the State. *Rosenthal v. Unarco Ind., Inc.*, 278 S.C. 420, 297 S.E.2d 638 (1982).

1. **The cause of action against the Movants does not arise within South Carolina.**

The Moving Parties are not parties to the contract, which is the subject matter of this action, and the formation of which gives rise to this cause of action. Because the Moving Parties are not party to the contract, the contract cannot be used as the basis to assert capacity to sue under the door-closing statute.

The basis for the causes of action against the Moving Parties appears to be the allegation that the corporate status of the Moving Parties should be ignored. The Plaintiff does not assert a cause of action for piercing the corporate veil. Yet, the Plaintiff alleges that the corporations failed to follow corporate formalities, failed to maintain separate existence for the entities, and are "merely a facade for the operations of Gaudreault." The Defendants do not believe that the Plaintiff has stated a cause of action against the Moving Parties, and that issue will be before the court on a separate motion to dismiss.

Assuming for the sake of this motion that the basis for liability against these parties is a "piercing the corporate veil" theory, then the Moving Parties must be dismissed under the door-closing statute because the cause of action did not arise in South Carolina. A cause of action to pierce the corporate veil arises in the place of incorporation. Since the Moving Parties are foreign corporations and entities, the cause of action against those entities does not arise in South Carolina.

**2.     The door closing statute applies in federal court.**

South Carolina's door-closing statute must be applied by federal courts sitting in South Carolina and exercising diversity jurisdiction unless the plaintiff has no other available forum in which to bring its action. *California Buffalo v. Glennon-Bittan Group, Inc.*, 910 F.Supp. 255 (D.C. S.C 1996)(citing *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738 (4th Cir. 1980)); *Grimsley v. United Engineers and Constructors, Inc.*, 818 F.Supp. 147 (D.C.S.C. 1993).

The Plaintiff argues that dicta from a South Carolina case has overruled Federal precedent on the issue of whether the door-closing statute applies in Federal Courts. In *Farmer v. Monsanto*, the South Carolina Supreme Court held that the statute bars non-residents from appearing as plaintiffs in a class action suit against non-resident defendants. In discussing precedent, the court stated that the statute by its terms does not apply in federal court. *Farmer v. Monsanto*, 353 S.C. 553, 558, 579 S.E.2d 325 (S.C. 2003).

Federal Courts have been applying South Carolina's door-closing statute for more than 30 years, and the *dicta* in Farmer v. Monsanto is not sufficient to overrule these precedents. The policy considerations that led the Federal Courts to apply the door closing statute to diversity cases have not changed. Federal Courts have held that the purposes behind the statute are:

> First, it is intended to provide a forum for wrongs connected with the State while avoiding the resolution of wrongs in which the state has little interest. *Cox v. Lunsford*, 272 S.C. 527, 252 S.E.2d 918, 920 (1979) ... The second purpose of the "door-closing" statute is to "encourage activity and investment within the State by foreign corporations without subjecting it to actions unrelated to its activity within the State." *Rosenthal v. Unarco Indus., Inc.*, 278 S.C. 420, 297 S.E.2d 638, 641 (1982).

*California Buffalo v. Glennon-Bittan Group, Inc.*, 910 F.Supp. 255 (D.C. S.C 1996).

In this case, the policy considerations support the application of the statute. First, South Carolina has little interest in the standards for piercing the corporate veil of these Canadian Defendants. Canadian corporate law would apply to the recognition of the separate corporate existence of these entities, and their corporate charters and existence is determined by reference to the practices of their home country. Second, a challenge to the corporate existence of foreign defendants in South Carolina courts is likely to discourage foreign activity and investment within the state, thereby undermining the purpose of the statute as set forth in *California Buffalo*.

<table>
<tr><td>

**THE KNIGHT LAW FIRM, LLC**

_/s/ *Jennifer L. Queen*_
Jennifer L. Queen, Esq.
Fed. Id. No.: 7885
207 East Third North Street
P.O. Box 280
Summerville, SC 29484
Email: jqueen@knightlawfirm.com
Phone: (843) 821-9700
Facsimile: (843) 821-0031

</td><td>

**THE CULVER FIRM, LLC**

/s/ *Robert Culver*
Robert E. Culver, Esq.
Fed. Id. No.: 7289
171 Church Street, Ste. 318
Charleston, SC 29401
Email: bob@culverlaw.net
Phone: 843-853-9816
Facsimile: 843-853-9838

</td></tr>
</table>

Attorneys for Gyro Trac (Usa), Inc., Gyro-Trac, Inc., Gyro-Trac West Coast, Inc., Usitech Nov, Inc., Woodpecker Industries, Quebec, Inc., Daniel Gaudreault, and Walter Oliver, Jr.